IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARTIN REYNOSO HERNANDEZ, a/k/a MARTIN REYNOSO, an individual, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, | )<br>)<br>)<br>) |
| Plaintiff, | ) Case No. 1:18-cv-3705<br>)<br>) |
| v. | )<br>) |
| SCALZO, INC., an Illinois corporation, d/b/a VIA CARDUCCI LA SORELLA, and JOHN SCALZO, an individual, | )<br>)<br>)<br>) |
| Defendants. | ) |

## COLLECTIVE ACTION COMPLAINT

The Plaintiff, Martin Reynoso Hernandez, ("Plaintiff" or "Reynoso"), on behalf of himself and all other Plaintiffs similarly situated, known and unknown, by and through his attorney, Timothy M. Nolan of the Nolan Law Office, complains against Defendants, Scalzo, Inc. d/b/a Via Carducci La Sorella ("Scalzo, Inc." or "Via Carducci") and John Scalzo ("Scalzo") (collectively, the "Defendants"), as follows:

**NATURE OF THE SUIT**

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. 201, *et seq*. ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq*. ("IMWL"), and the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 of the Municipal Code of Chicago, for Defendants' failure to pay Plaintiff, and other similarly situated employees, overtime compensation. Plaintiff and other similarly situated employees are current and former cooks, dishwashers and kitchen staff employees at Defendants' restaurant.

1

2. Plaintiff brings this case as a collective action under 29 U.S.C. § 216(b). Plaintiff's consent form to act as the representative party in this collective action is attached as Exhibit A. (See Exh. A.)

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law and municipal ordinance claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

**THE PARTIES**

5. Plaintiff Reynoso is a former employee of the Defendants. He worked as a cook at Defendants' Via Carducci restaurant from 2009 through May 4, 2018.

6. During the course of his employment, Plaintiff regularly used and handled goods and materials, including perishable food and food products, which moved in interstate commerce.

7. Plaintiff resides in and is domiciled within this judicial district.

8. Defendant, Scalzo, Inc., operates the Via Carducci La Sorella restaurant located at 1928 W. Division Street in Chicago, Illinois and is engaged in selling and serving prepared food and beverages for consumption on and off its premises.

9. Upon information and belief, Defendants have earned more than $500,000 in annual gross revenues during 2015-2018.

10. Defendant, Scalzo, Inc., is registered in Illinois as a corporation and its officers, registered agent and corporate office are located within this judicial district.

11. Upon information and belief, Defendant John Scalzo, is an owner and the president of Defendant, Scalzo, Inc.

12. At all times relevant to this action, Defendant Scalzo possessed extensive oversight over the Via Carducci restaurant business and operations. Defendant Scalzo was the ultimate decision-maker with respect to Defendants' payroll and wage and hour practices; he possessed authority to hire and fire Defendants' employees; he supervised and controlled employee work schedules or conditions of employment; he determined rate and method of payment; and, he maintained employment records.

13. Upon information and belief, Defendant Scalzo resides in and is domiciled within this district.

**COMMON ALLEGATIONS**

14. For the three years prior to the filing of this suit up to May 4, 2018, Plaintiff Reynoso regularly worked six (6) days a week. On Monday and Tuesday, he typically worked from approximately 3:00 p.m. to at least 11:00 p.m.; on Wednesday and Thursday, he typically worked from approximately 3:00 p.m. to at least 11:30 p.m.; and, on Friday and Saturday, he typically worked from approximately 3:00 to at least Midnight. Plaintiff Reynoso typically did not work on Tuesday.

15. Based on his schedule, Plaintiff Reynoso worked at least fifty-one (51) hours in individual workweeks from at least May, 2015 through May 4, 2018.

16. At all relevant times, Defendants paid Plaintiff on an hourly basis at the rate of $16.00 per hour, except for approximately the final week of Plaintiff's employment when Defendants paid Plaintiff at the rate of $17.00 per hour.

3

17. Defendants did not compensate Plaintiff, and other non-exempt cooks, dishwashers and kitchen staff employees, at one and one-half times their regular hourly rates of pay for hours worked in excess of forty (40) individual workweeks.

18. Defendants never paid Plaintiff an overtime premium when he worked more than forty (40) hours in a workweek.

19. In order to conceal their failure to pay overtime compensation, Defendants implemented a dual pay scheme whereby Defendants paid Plaintiff, and other non-exempt cooks, dishwashers and kitchen staff employees, by payroll check for only a portion of their hours, usually forty (40) hours per week, and paid for the remainder of Plaintiff's hours in unreported cash or with a personal check.

20. Defendants paid Plaintiff's overtime compensable hours at his straight-time rate of pay, or less.

21. In violation of the statutes and implementing regulations of the FLSA and IMWL, 29 C.F.R. § 516, 820 ILCS § 105/8, and Ill. Adm. Code 210.700, Defendants failed to create, maintain, and preserve complete and accurate payroll records for Plaintiff and other non-exempt employees.

**COLLECTIVE ACTION ALLEGATIONS**

22. Plaintiff brings his FLSA claim as a collective action on behalf of himself and all other similarly situated cooks, dishwashers and kitchen staff employees that worked for Defendants during the last three years before the filing of this suit.

23. During the last three years before the filing of this suit, Plaintiff, and all other similarly situated cooks, dishwashers and kitchen staff employees have had substantially similar job descriptions, job requirements, and pay rates.

4

24. Plaintiff and other similarly situated cooks, dishwashers and kitchen staff worked more than forty (40) hours in individual workweeks and were not compensated at a rate of one and one-half times their regular hourly rates of pay.

25. Plaintiff and the other similarly situated employees were subject to Defendants' common policy and plan to violate the FLSA by willfully refusing to pay overtime compensation to cooks, dishwashers and kitchen staff employees.

26. During the last three years before the filing of this suit, Defendants had a common policy and practice of paying cooks, dishwashers and kitchen employees at their straight-time rates of pay, or less.

27. Defendants failed to pay Plaintiff, and other similarly situated cooks, dishwashers and kitchen employees, at one and one-half times their regular hourly rates of pay when they worked more than forty (40) hours in an individual workweek.

28. Plaintiff's claims are substantially similar to the other similarly situated employees based on Defendants' common policy and plan to violate the FLSA maximum hour provisions.

29. Defendants knew or should have known that their illegal wage and hour practices violated the FLSA.

30. There are numerous similarly situated cooks, dishwashers and kitchen staff employees who worked for Defendants' restaurant and who would benefit from the Court authorizing issuance of notice of this lawsuit so that these employees may opt-in to this lawsuit.

31. The similarly situated cooks, dishwashers and kitchen staff employees are known to the Defendants and are identifiable in Defendants' timekeeping, payroll, and other records.

## COUNT I
## Violation of the Fair Labor Standards Act – Overtime Wages

32. Plaintiff hereby incorporates paragraphs 1 through 31 as though stated herein.

33. Throughout his employment with Defendants, Plaintiff was an "employee" of the Defendants as defined in the FLSA, 29 U.S.C. § 203(e)(1).

34. Plaintiff was not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207, 213.

35. During the course of Plaintiff's employment, Defendants employed other cooks, dishwashers and kitchen staff employees who were similarly not exempt from the overtime wage provisions of the FLSA.

36. Throughout Plaintiff's employment, Defendants were each an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

37. Defendant, Scalzo, Inc. is an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r)(1), and has operated as an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A).

38. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff and other non-exempt cooks, dishwashers and kitchen staff employees worked more than forty (40) hours, Defendants were obligated to pay them at a rate of one and one-half times their regular hourly rates of pay for all hours worked over 40 in a workweek.

39. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

40. Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiff overtime wages was willful and not in good faith. Defendants concealed their failure to pay Plaintiff overtime compensation by paying for only a portion of Plaintiff's hours by payroll

6

check, usually forty (40) hours per week, and paid the remainder of Plaintiff's hours including Plaintiff's overtime compensable hours "under the table" in cash or with a personal check. On information and belief, Defendants' cash and personal check wage payments were not reported to federal and state tax and revenue departmental agencies. Additionally, Defendants violated the Act's recordkeeping regulations.

**WHEREFORE**, the Plaintiff, Martin Reynoso Hernandez, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, prays for a judgment against Defendants, Scalzo, Inc. and John Scalzo, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law – Overtime Wages

41. Plaintiff hereby incorporates paragraphs 1 through 31 as though stated herein.

42. Throughout his employment with Defendants, Plaintiff was an "employee" under the IMWL, 820 ILCS § 105/3(d).

43. Plaintiff was not exempt from the overtime wage provisions of the IMWL, 820 ILCS § 105/1 *et seq*.

44. During the course of Plaintiff's employment, Defendants employed other cooks, dishwashers and kitchen staff employees who were similarly not exempt from the overtime wage provisions of the IMWL.

45. Throughout Plaintiff's employment, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

46. Pursuant to 820 ILCS § 105/4(a), for all weeks during which Plaintiff and other non-exempt cooks, dishwashers and kitchen staff employees worked more than forty (40) hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rates of pay.

47. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the IMWL, 820 ILCS § 105/4(a).

**WHEREFORE**, the Plaintiff, Martin Reynoso Hernandez, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, prays for a judgment against Defendants, Scalzo, Inc. and John Scalzo, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT VI
## Violation of the Chicago Minimum Wage Ordinance – Overtime Wages

48. Plaintiff hereby incorporates paragraphs 1 through 31 as though stated herein.

49. Plaintiff was an "employee" under CMWO, §1-24-10 of the Municipal Code of Chicago, and was not exempt from the overtime wage provisions of the CMWO, § 1-24-050.

50. Defendants were each an "employer" as defined in the CMWO, § 1-24-10.

51. Under § 1-24-040, for all weeks during which Plaintiff worked more than forty (40) hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

52. Defendants' failure to pay overtime wages for hours worked in excess of forty (40) per week was a violation of the maximum hour provisions of the CMWO, § 1-24-040.

**WHEREFORE**, the Plaintiff, Martin Reynoso Hernandez, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, prays for a judgment against Defendants, Scalzo, Inc. and John Scalzo, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Statutory damages in the amount of three times the amount of unpaid overtime wages found due;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relied as this Court deems appropriate and just.

Dated: May 25, 2018
                                    Respectfully submitted,
                                    Martin Reynoso Hernandez,
                                    Plaintiff, on behalf of himself and all other
                                    Plaintiffs similarly situated, known and
                                    unknown,


                                    /s/ Timothy M. Nolan
                                    _____
                                    Attorney for the Plaintiff

9

Timothy M. Nolan (No. 6194416)
NOLAN LAW OFFICE
53 West Jackson Blvd., Ste. 1137
Chicago, IL 60604
Tele (312) 322-1100
Fax (312) 322-1106
tnolan@nolanwagelaw.com